Vincent P. Sorrentino (SBN: 332539)
**IANNITELLI MARCOLINI, P.C.**
5353 N. 16th Street, Suite 315
Phoenix, Arizona 85016
Telephone: (602) 952-6000
Facsimile: (602) 952-7020
vps@imlawpc.com
*Attorneys for Plaintiff Southwest Concrete Paving Co.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Southwest Concrete Paving Co., an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>Penhall Company, a California corporation,<br><br>Defendant. | No. _____<br><br>**COMPLAINT FOR**<br><br>1. **BREACH ON CONTRACT**<br>2. **BREACH OF WARRANTY** |

Plaintiff Southwest Concrete Paving Co. ("Plaintiff" or "SWCP"), for its Complaint against Defendant Penhall Company ("Defendant" or "Penhall"), by and through undersigned counsel, hereby states and alleges as follows:

## **NATURE OF THE CASE**

1. This is an action for breach of contract and breach of warranty arising out of a subcontract agreement (the "Agreement") entered into by and between the parties. Plaintiff had a concrete paving project for Travis Air Force Base located in Solano County, California and subcontracted with Defendant for certain concrete cutting services. Due to Defendant's transgressions and faulty workmanship, Plaintiff has been injured and suffered damages as a result.

/ / /

1

4861-8984-6022, v. 5

## PARTIES

2. Plaintiff is an Arizona corporation organized and existing under the laws of the state of Arizona, with its principal place of business in El Mirage, Arizona, and qualified to conduct business, and did conduct business with Defendant, in the state of California.

3. Defendant is a California corporation organized and existing under the laws of the state of California, with its principal place of business in Irving, Texas, with business locations nationwide, including Sacramento, California, and conducting business in the state of California.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), on the grounds that the instant dispute involves parties that have complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

5. This Court enjoys personal jurisdiction over Defendant because it is, and at all relevant times hereto was, a corporation organized and existing under the laws of the state of California, with offices in Sacramento, California, and all or a portion of the actions of Defendant complained of herein were carried out in the State of California and this judicial district.

6. This Court enjoys venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the actions and events giving rise to Plaintiff's claims and injuries occurred in the County of Solano, California located in this judicial district.

## ALLEGATIONS

7. Plaintiff provides concrete paving services in the heavy civil/airfield construction marketplace.

8. Defendant is in the business of concrete coring, concrete cutting, concrete scanning, concrete x-ray imaging, private utility locating, and demolition.

9. Plaintiff and Defendant entered into a Subcontract Agreement dated May 18, 2020 and Addenda to Original Subcontract Agreement – Schedule B entered into on or about February 24, 2021 (collectively, the "Agreement"), pursuant to which Defendant

agreed to provide concrete cutting services (the "Work") for a concrete pavement project at Travis Air Force Base described as: Repair 400 Aircraft Parking Ramp, Travis AFB, CA Solano County, FA8903-17-D-0001 (the "Project").

10. Pursuant to the Agreement, Defendant, among other things, warrantied and agreed to be responsible for all Work performed by Defendant under the Agreement until the subcontract Work was completed or accepted by Plaintiff. In the event of loss or damage to such Work, Defendant agreed at its sole expense to promptly repair, restore or replace to the satisfaction of Plaintiff. Further, Defendant agreed to guarantee its work against all defects of materials and/or workmanship.

11. Pursuant to the Agreement, Defendant was obligated to perform the Work provisions of the Prime Contract, specifications, plans, follow the construction schedule specified by Plaintiff, and to complete the Work in a workmanlike manner and to follow industry standards and practices related to the Work (the "Required Standards").

12. On or about April 21, 2021, Defendant began its work at the Project site on test sections.

13. On or about May 14, 2021, Plaintiff elected to terminate the Agreement pursuant to Article 9 "Termination For Convenience" of Attachment A of the Agreement.

14. Plaintiff's election to terminate the Agreement for convenience was prompted by Defendant's faulty performance in the completion of the Work under the Agreement and Defendant's notice to Plaintiff on May 13, 2021, that Defendant did not accept any responsibility for remedial work necessitated by Defendant's faulty performance.

15. In completing Work under the Agreement, Defendant failed to do so pursuant to the Required Standards, particularly and without limitations, Defendant failed to follow industry standards and practices in the completion of the Work resulting in damage to completed concrete work.

16. Defendant's faulty performance of the Work resulted in damage to approximately twenty-two (22) concrete panels, with seventeen (17) 20'x18.75'x17" concrete panels needing to be removed and replaced at a considerable cost to Plaintiff.

4861-8984-6022, v. 5

17. Defendant failed and refused to accept responsibility for its faulty completion of the Work or for its obligation to warranty and guarantee the Work against all defects of workmanship.

18. The repair work required to be performed in order to remedy the damage resulting from Defendant's faulty workmanship resulting in damages to Plaintiff in the approximate sum of not less than $300,000.00.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

19. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth therein.

20. A plaintiff seeking to prevail on a breach of contract claim must show: (1) a contract; (2) a breach; and (3) resulting damages.

21. Plaintiff and Defendant entered into the Agreement related to Defendant's completion of Work upon the Project which was to be performed at Required Standards and in a workmanlike manner.

22. Defendant breached its obligations under the Agreement by failing to complete the Work pursuant to the Required Standards resulting in Defendant failing to complete the Work in a workmanlike manner.

23. As a result of Defendant's breach of its express and implied obligations of performance under the Agreement, Plaintiff incurred damages in an amount to be proven at trial in the approximate amount of not less than $300,000.00, plus interest as allowed by law.

24. Pursuant to Article 26 of Attachment A to the Agreement, Plaintiff is entitled to recover its attorney's fees incurred in bringing this action.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract – Failure to Warranty Workmanship)

25. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth therein.

4861-8984-6022, v. 5

26. Defendant's performance of the Work under the Agreement was subject to the express warranties of workmanship contained in Article 23 of Attachment A to the Agreement and to certain implied warranties of workmanship.

27. Defendant breached the express and implied warranties of workmanship and Defendant further agreed to guarantee its work under the Agreement (collectively, the "Warranty and Guaranty Obligations").

28. Defendant's breach of the Warranty and Guaranty Obligations resulted in Plaintiff being damaged as specified above.

29. Defendant was notified of its deficient workmanship and Defendant materially breached its warranty and guaranty obligations arising under the Agreement.

30. As a result of Defendant's breach of the Warranty and Guaranty Obligations Plaintiff has incurred damages in an amount to be proven at trial in the approximate amount of not less than $300,000.00, plus interest as allowed by law.

31. Pursuant to Article 26 of Attachment A to the Agreement, Plaintiff is entitled to recover its attorney's fees incurred in bringing this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

**THEREFORE**, Plaintiff Southwest Concrete Paving Co., an Arizona corporation, prays for judgment against Defendant Penhall Company, a California corporation, as follows:

A. For judgment in its favor on each and every claim for relief set forth in the Complaint;

B. For compensatory damages in the amount of not less than $300,000.00;

C. For attorneys' fees and costs;

D. For pre- and post-judgment interest; and

E. For such other relief as the Court deems just and proper.

Dated: June 13, 2023.

**IANNITELLI MARCOLINI, P.C.,**

By  /s/ Vincent P. Sorrentino
    Vincent P. Sorrentino
    *Attorneys for Plaintiff Southwest Concrete Paving Co.*

4861-8984-6022, v. 5